UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Victor G. Hall,
    Petitioner,

    v.                                                        Civil Action No. 1:09-CV-291

William H. Sorrell,
    Respondent.

**REPORT AND RECOMMENDATION**
(Docs. 6 and 15)

Victor Hall, proceeding *pro se*, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hall was convicted in 2008 on two counts of sexual assault. His petition asserts several constitutional violations including police misconduct, ineffective assistance of counsel, and trial court errors.

The respondent has moved to dismiss the petition, arguing that it contains unexhausted claims. In response, Hall concedes that he has not exhausted all of his arguments in state court, and informs the Court that he wishes to withdraw the petition. In light of Hall's desire to withdraw his petition, and for the reasons set forth below, I recommend that the petition be DISMISSED without prejudice.

**Factual Background**

Hall was charged in 2006 with two counts of aggravated sexual assault and one count of lewd and lascivious behavior. During an interview with an investigating officer, he acknowledged having had sexual contact with his stepdaughter. Hall was later charged with several additional counts of possession of pornography, and one count obstruction of justice based upon a threatening letter to his wife. *See State v. Hall*, No. 2008-086, 2008

WL 4906948, at *1 (Vt. Nov. Term 2008).

Prior to trial, Hall agreed to plead guilty to the two aggravated sexual assault charges. The trial court accepted the plea after a Rule 11 hearing, at which the prosecution noted that Hall had admitted to the charged conduct on at least three occasions. Hall himself acknowledged that he had committed the crimes as described by the prosecution, and that he wished to take responsibility for his actions. *Id.*

Shortly before his scheduled sentencing hearing, Hall filed a *pro se* motion to withdraw his plea, claiming in part that he had new evidence of his innocence. The trial court denied the motion, finding that it "appeared to be part of a calculated effort by defendant to indirectly obtain a continuance of trial that he had previously been denied, by entering a plea with the intent to later withdraw it." *Id.* at 2. Hall moved again at sentencing to withdraw his guilty plea. The motion was denied, and the court sentenced him to concurrent terms of ten to fifty years in prison.

Hall appealed the trial court's rejections of his efforts to withdraw his plea. On November 5, 2008, the Vermont Supreme Court affirmed the lower court's rulings, concluding that "[i]n light of defendant's multiple prior admissions of guilt and the substantial delay in coming forward with the evidence in question, we cannot conclude that the court abused its discretion . . . ." *Id.* Hall subsequently filed motions for reconsideration, each of which was denied. (Doc. 15-4.)

On December 18, 2009, Hall filed a petition for post-conviction relief in state court. The state court petition includes, in Hall's words, "the exact same grounds" for

relief as set forth in his § 2254 petition, filed in this Court on December 23, 2009. Those grounds include: failure to provide a *Miranda* warning; violation of his right to a speedy trial; ineffective assistance of counsel; a coerced guilty plea; trial court prejudice; insufficient evidence; and a failure by the Vermont Supreme Court to consider each of his arguments on appeal. (Doc. 15-19 at 4-10) (state court petition); (Doc. 6-1at 1-8) (federal habeas petition). The state court post-conviction review petition is still pending.

The respondent has moved to dismiss Hall's § 2254 petition because it includes a mix of exhausted and unexhausted claims. Hall has since filed an "Accord" in which he states that "[h]e now understands that his claim of constitutional violations by the Vermont court pending in the state's Superior Court cannot be pursued simultaneously in this Court." (Doc. 22 at 1.) He therefore informs the Court that he "withdraws his original petition to this Court for a writ of habeas corpus." *Id.* at 5.

## Discussion

In Hall's state court direct appeal, the Vermont Supreme Court heard only the question of whether the trial court had erred when it denied his motion to withdraw his guilty plea. Read liberally, Hall's collateral filings in the state and federal courts continue to raise this claim. Those filings, however, also contain several unexhausted claims – a point Hall clearly concedes.

When a petitioner presents the district court with a mix of exhausted and unexhausted claims, the court can offer the petitioner "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present

3

only the exhausted claims." *McKethan v. Mantello*, 292 F.3d 119, 122 (2d Cir. 2002). (citation omitted). "Alternatively, a district court may also dismiss the petition with a judgment on the merits." *Id.* (citation omitted); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The Supreme Court has held that, under certain circumstances, a court may also stay the habeas proceeding until all claims have been exhausted in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The *Rhines* decision cautioned, however, that "stay and abeyance should be available in only limited circumstances." *Id.* at 277. Specifically, a court may stay a habeas proceeding only where there is good cause for the failure to exhaust and the unexhausted claims are not meritless. *Id.*; *Pierre v. Ercole*, 607 F. Supp. 2d 605, 608 (S.D.N.Y. 2009). The primary concern giving rise to the "stay and abeyance" option was that, due to the one-year limitations period for federal habeas petitions, dismissing a mixed petition might not leave the petitioner sufficient time in which to (1) file a petition in state court, (2) exhaust his claims, and (3) return to federal court in a timely manner. *See Rhines*, 544 U.S. at 275. In this case, however, timeliness is not a concern.

If the Court does not include motions for reconsideration in its calculation, Hall's conviction became final in February 2009, 90 days after the Vermont Supreme Court's November 5, 2008 decision affirming his conviction. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). The limitations period for filing a federal petition was then

4

tolled when Hall filed his state court post-conviction relief petition on December 18, 2009, and will remain tolled until the state court petition is resolved. *See* 28 U.S.C. § 2244(d)(2) (time for filing a § 2254 petition is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . .").

If Hall's state court petition is unsuccessful, he will have ample time in which to return to this Court. Indeed, he has already filed his state court petition, and states in his "Accord" that he is fully prepared to file a subsequent § 2254 petition "if Petitioner's PCR case in state court is denied." (Doc. 22 at 2.) The Court should therefore find that a stay is not required, and that dismissal without prejudice is the most appropriate course.

Moreover, dismissal without prejudice is the clear preference of the parties. In his motion to dismiss without prejudice, the respondent discussed the options that are available when a court is presented with a mixed petition. (Doc. 15 at 17.) In response to that motion, Hall has expressed his desire to have his petition dismissed without prejudice, such that he may exhaust his remedies in state court and, if necessary, return to federal court with a subsequent § 2254 petition.[1] Because dismissal without prejudice is a

---

[1] Hall appears to be under the impression that I have already recommended dismissal without prejudice. (Doc. 22 at 1) ("NOW COMES Petitioner, *pro se*, in good faith, and declares his accord with this Court's recommendation to dismiss without prejudice his petition for writ of habeas corpus . . . ."). There was a previous Report and Recommendation in this case, but it did not address the merits of the respondent's motion to dismiss. (Doc. 19 at 11 n.2) ("[T]he Court offers no opinion at this time with respect to the ultimate merit of the respondent's motion to dismiss."). In any event, Hall's apparent misunderstanding should not affect either the Court's view of his request to withdraw his petition or its ruling on the respondent's motion.

5

valid option, and given Hall's clearly-stated preference, I recommend that the respondent's motion to dismiss be GRANTED and that this action be DISMISSED without prejudice.

**Conclusion**

For the reasons set forth above, I recommend that the respondent's motion to dismiss without prejudice (Doc. 15) be GRANTED, and that Hall's petition for writ of habeas corpus (Doc. 6), filed pursuant to 28 U.S.C. § 2254, be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 7th day of April, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).